UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARYELIZABETH B. GLASGOW,[1]

                        Plaintiff,

v.                                                  5:18-CV-0721
                                                     (GTS/ATB)

CNYRTA/CENTRO, INC.; CHARLES O'BRIEN,
a/k/a Chuck O'Brien; WILLIAM HARRIS, a/k/a Bill
Harris, Outside Supervisor; NATASHA RANDALL;
BOB (Last Name Unknown) at Dispatch Desk of Centro,
Inc.; CHARLES ASCEVEDO; LINDA MONTROY;
STEVE KOEGEL; CHRISTINE LoCURTO; CNYRTA/
CENTRO, INC., Human Resources/Accounting Dep't/
Operations Dep't,

                        Defendants.
_____

APPEARANCES:

MARY ELIZABETH B. GLASGOW
  Plaintiff, *Pro Se*
POB #14
Syracuse, New York 13201

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se* civil rights action filed by MaryElizabeth B. Glasgow ("Plaintiff") against the Central New York Regional Transportation Authority/ CENTRO, Inc. ("CENTRO") and numerous of its employees ("Defendants"), are United States Magistrate Judge Andrew T. Baxter's Report-Recommendation recommending that Plaintiff's

---

[1] In her Objection, Plaintiff states, *inter alia*, that the spelling of her first name is "MaryElizabeth" (with no space between "Mary" and "Elizabeth"). (Dkt. No. 5, at 1.) As a result, the Court is directed to amend the docket sheet accordingly.

Complaint be *sua sponte* dismissed in part for failure to state a claim, and Plaintiff's Objections to the Report-Recommendation. (Dkt. Nos. 4, 5.) Even when construed with the utmost of special leniency, Plaintiff's Objections contain no specific challenge to the Report-Recommendation. (Dkt. No. 5.) As a result, the Report-Recommendation is subject to only clear-error review.[2]

After carefully reviewing the relevant papers herein, including Magistrate Judge Baxter's thorough Report-Recommendation, the Court can find no clear-error in the Report-Recommendation Magistrate Judge Baxter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein. (Dkt. No. 4.) To those reasons, the Court will add only three points.

First, given the substance of note 13 of the Report-Recommendation, the Court will construe the third recommendation on page 22 of the Report-Recommendation as recommending the dismissal of not only Plaintiff's claims against the "Human Resources and Accounting Departments" but also Plaintiff's claims against the Operations Department and any claims that Plaintiff is attempting to assert against the "Dispatch Desk." (*See, e.g.,* Dkt. No. 1, at 1, ¶ 3.a. [appearing to name "Dispatch Desk" as a Defendant]; Dkt. No. 1, at 11, ¶ 4.b. [appearing to name "Dispatch Desk" as a Defendant].)

---

[2] When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

Second, Plaintiff's attachment of her Right-to-Sue letter in her Objections does not cure the numerous pleading defects identified by Magistrate Judge Baxter in his Report-Recommendation.

Third, the Court underscores Magistrate Judge Baxter's instructions on pages 21 and 22 of his Report-Recommendation: (1) Plaintiff's Amended Complaint must be a complete pleading (i.e., no separate pleadings will be allowed this time); (2) Plaintiff's Amended Complaint may not attempt to incorporate by reference any portion of her four original Complaints; (3) if Plaintiff's Amended Complaint asserts claims under Title VII and/or the ADEA, Plaintiff's Amended Complaint must attach her Right-to-Sue letter; (4) if Plaintiff's Amended Complaint attempts to assert any claims under Title VII or ADEA, it may name only CENTRO (and not any of its Departments) as a Defendant with regard to those claims; (5) Plaintiff's Amended Complaint must allege the dates on which she alleges the improper conduct occurred; (6) if Plaintiff's Amended Complaint asserts any claims against individual Defendants under 42 U.S.C. § 1983, it may do so only to the extent that it alleges facts plausibly suggesting that they were personally involved in the alleged discrimination; and (7) if Plaintiff's Amended Complaint attempts to assert any claims of discrimination as a result of gender, race, or national origin, it must allege facts plausibly suggesting her race and national origin, and how Defendant's conduct relates to her claims of discrimination based on her gender, race and national origin. (Dkt. No. 4, at 21-22.) Finally, of course, Plaintiff's Amended Complaint may not attempt to assert any claims that have been dismissed "with prejudice" by this Decision and Order.

**ACCORDINGLY**, it is

**ORDERED** that the Clerk of the Court shall amend the docket sheet to reflect the spelling of Plaintiff's name as "MaryElizabeth B. Glasgow" (i.e., with no space between "Mary" and "Elizabeth"); and it is further

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 4) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the following claims are **DISMISSED** with prejudice:

(1)  Plaintiff's *Bivens* claim;

(2)  all of Plaintiff's claims against Defendants O'Brien, Harris, "Bob" at the Dispatch Desk, Ascevedo, Montroy, Koegel and LoCurto **EXCEPT** Plaintiff's claims against these seven individual Defendants for the denial of equal protection under the Fourteenth Amendment and 42 U.S.C. § 1983;

(3)  all of Plaintiff's claims asserted against the CENTRO Human Resources Department, Accounting Department, Operations Department and Dispatch Desk; and it is further

**ORDERED** that Plaintiff's Title VII, ADEA, and 42 U.S.C. § 1983 claims shall be **DISMISSED** without prejudice to refiling through an AMENDED COMPLAINT the following claims:

(1) Plaintiff's claims against CENTRO under Title VII and the ADEA; and

(2) Plaintiff's claims against the seven individual Defendants who were allegedly personally responsible for any alleged denial of equal protection under the Fourteenth Amendment and 42 U.S.C. § 1983; and it is further

4

**ORDERED** that, should Plaintiff choose to file such an Amended Complaint, she must do so within **FORTY-FIVE (45) DAYS** of the date of this Decision and Order; and it is further

**ORDERED** that, should Plaintiff file an Amended Complaint within the above-referenced forty-five (45) day time period (or an extended time period if permitted by Magistrate Judge Baxter), the Amended Complaint shall be returned to Magistrate Judge Baxter for his review; and it is further

**ORDERED** that, should Plaintiff fail to file an Amended Complaint within the above-referenced forty-five (45) day time period (or an extended time period if permitted by Magistrate Judge Baxter), this entire action shall be **DISMISSED** in its entirety with prejudice without further Order of the Court.

Dated: September 12, 2018
 Syracuse, New York

HON. GLENN T. SUDDABY
Chief United States District Judge